**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Larry Boecken, Jr.,<br><br>         Plaintiff,<br>    v.<br><br>Gallo Glass Company,<br><br>         Defendant. | 1:05-cv-00090-OWW-DLB<br><br>RULINGS ON EVIDENTIARY OBJECTIONS (DOCS. 62, 46, 50) RELATED TO CROSS MOTIONS FOR SUMMARY JUDGMENT |

Before the court for decision are the parties' objections to evidence submitted in connection with the pending cross motions for summary judgment.  For each objection, the text and/or evidence objected to is identified, followed by the district court's ruling on the objections raised thereto.

**I.   Plaintiffs' Objections to Defendant's Evidence (Document 62)**

   **A.   Exhibit D - Lisa Bates Declaration**

   Paragraph 5 (statement that Mr. Boecken's misuse of FMLA leave was misconduct serious enough to warrant dismissal): Objection as "misleading" and "verifiably and admittedly false" are overruled.  This is not a legal basis for the exclusion of evidence; it is simply an argument.  If evidence is misleading, Plaintiff may present contrary evidence.  The "stating legal conclusion/opinion" and "irrelevant" objections are overruled;

the employer's belief that conduct warranted dismissal is relevant.

Paragraph 7 (termination decision was made in consultation with legal counsel and was based solely on investigation that disclosed he was not caring for his grandmother while taking time off under FMLA):  The relevance objection is overruled; the employer's assertions as to its basis for termination are relevant.

Paragraph 8 & Exhibit V (stating she "reviewed the notes from that interview [written by a third person] which are accurate" and attaching a "true and correct copy" of those notes as evidence):  "Hearsay" and "lack of foundation" objections to admission of the notes are sustained.  Defendant failed to lay foundation for admission of these notes under an exception to the hearsay rule.  The witnesses' opinions and mental opinions resulting from reading the notes are admissible.

Paragraph 9 (indicating that while Lisa Bates was HR manager at Gallo, no Gallo employee made a claim of unlawful discrimination or harassment against Gallo based on sexual orientation):  Relevance objection overruled.  This is relevant to pattern and practice.

B.  **Exhibit N (note to HR file prepared by HR coordinator April Tharpe)**

Hearsay and lack of foundation objections are sustained. Defendant has not laid a foundation for admission of these notes under an exception to the hearsay rule.

C.  **Exhibit O (declaration of HR Coordinator April Tharpe)**

Paragraph 2 (describing her training and the posting of information regarding FMLA at Gallo):  Relevance objections overruled, Ms. Tharpe's training is relevant to her role in HR at Gallo and her belief that FMLA information was posted at the workplace is relevant because Plaintiff claims he had no notice of various aspects of how Gallo administered the FMLA.

Paragraph 3 (stating that Boecken took leave on 26 "occasions"): Objection that this is "misleading" is overruled; plaintiff can provide contrary evidence.

D.  **Exhibit Q - Declaration of Gallo Security Manager Mark Swaim**

Paragraph 6 (indicating that 33 employees were put under surveillance before Boecken was investigated, including male and female employees, as well as heterosexual couples observed leaving work at the same time):  Relevance and "misleading" objections are overruled.  This goes to pattern and practice or lack thereof.

E.  **Exhibit R - Declaration of former Gallo Glass HR Manager Jorian Reed**

Paragraph 4 (indicating that he thought Boecken and another individual might be planning to leave early to play golf): Relevance and "speculation" objections are overruled.  Employer's belief as to nature of misconduct relevant to termination.

Paragraph 8 (indicating that a report "accurately reflected what [he] saw in the video"):  Lack of foundation objection sustained.  Moreover, video is best evidence of contents of

3

1  video.

2  Paragraph 9 (introducing notes taken during interview with
3  Boecken after surveillance of his activities):  Lack of
4  foundation objection sustained.  Witness fails to lay foundation
5  for application of exception to the hearsay rule.

6  Paragraph 10 (indicating that Boecken was absent from the
7  workplace on FMLA leave on 26 occasions):  Objection as
8  misleading is overruled.  Plaintiff may present contrary
9  evidence.

10  Paragraph 11 (indicating that it was his opinion that
11  Boecken's conduct was serous enough to warrant dismissal):
12  Objections as misleading, stating legal conclusion, and
13  verifiably and admittedly false are overruled; this evidence is
14  relevant to employer's belief at time of termination.  Plaintiff
15  may present contrary evidence if he believes this is false.

16  Paragraph 12 (indicating that prior to Boecken's discharge
17  he was unaware of any Gallo employee making a claim of unlawful
18  discrimination or harassment based on sexual orientation):
19  Relevance objection overruled; goes to pattern and practice.

20

21  **F.   <u>Exhibit V Report of Boecken Interview</u>**

22  Hearsay objection sustained.  No foundation for the
23  admission of this report is provided.

24

25  **G.   <u>Exhibit Y Declaration of HR Supervisor Darlene Bryan</u>**

26  Paragraph 2 (indicating 7-8 percent of Gallo employees were
27  approved for intermittent family leave):  Relevance objection
28  overruled; provides background.  Lack of foundation objection

based on lack of specificity as to nature of the 7-8 percent figure is overruled.  If Plaintiff believes another figure is more appropriate, he may present such evidence.

II. <u>Defendants' Objections to Plaintiff's Evidence Submitted in Support of Motion for Summary Judgment (Document 46)</u>

All of these objections concern the affidavit of Larry Boecken, Jr.

Paragraph 4 (prior disciplinary record):  Relevance objection overruled; provides background.

Subheading A (description of need to care for his grandmother):  Relevance objection on the ground that Gallo admits it certified Boecken for FMLA leave is overruled; provides relevant background.  Objection for lack of foundation to give medical opinion is sustained in part; this evidence is not admissible to show grandmother's medical condition, but is relevant to provide background on Plaintiff's situation.

Paragraph 6 (detailed statements about grandmother's health and need for care):  Same conclusions as above.

Paragraph 9 (describing process he went through to obtain certification):  Relevance objection overruled; relevant to provide background.  Objection that the "statements contradict Boecken's prior deposition testimony" overruled; Defendant can present contrary evidence.

Paragraph 10, lines 14-16 (indicating he submitted documentation to supervisor to obtain certification):  Relevance objection overruled; provides relevant background.

Paragraph 10, lines 16-21:  Gallo objects to certain

statements because they imply facts that Gallo believes are contradicted by other record evidence. But, Gallo points to no rule of evidence to support exclusion of the evidence. Gallo may present contrary evidence. This objection is overruled.

Paragraph 11 (indicating that Gallo never told him to obtain further certification): Relevance objection overruled; provides background.

Paragraph 12 (indicating his grandmother needed additional care from him on certain dates because she had a "cold or flu"): Lack of foundation objection on the ground that Boecken lacks qualification to opine about medical condition overruled. Medical expertise not necessary to determine that grandmother needed particular level of care on particular day.

Subheading D (indicating he walks regularly for his own health and to de-stress; and indicating that he does necessary errands to help care for grandmother): Relevance objection overruled; it is disputed whether it is permissible for Plaintiff to use FMLA time to run errands and whether he needs to immediately go about caring for grandmother upon leaving work. Lack of foundation objection on the ground that Boecken lacks expertise to determine mental health effects of his walks sustained to the extent that Boecken is trying to assert that the walks were necessary to aid his mental health. However, no medical expertise needed to determine whether it is necessary for him to run errands for his grandmother. To the extent Boecken tries to state a legal conclusion about meaning of "caring for" under FMLA, the evidence is inadmissible.

Objections to Paragraph 13, lines 12-13, Paragraph 13, lines

6

13-15; Paragraph 13, lines 15-26, and Paragraph 14, lines 4:27-5:1 are similar to those raised in connection with Subheading D and are resolved as indicated above.  The evidence is admissible, although not to prove meaning of the term "caring for" under FMLA and not to prove medical necessity of Boecken's walks.

Paragraph 15, lines 7-9:  Gallo objects to a statement on the grounds that it contradicts prior testimony.  This is not a basis for the exclusion of evidence.  Gallo may present contrary evidence.

Paragraph 16, lines 11-14 (describing walking in park with Sweetin and feeling uncomfortable because he thought someone was following them):  Relevance objection overruled; provides context and background.

Paragraph 18, lines 17-20:  See ruling on Subheading D.  This evidence is admissible, although not to prove the meaning of the term "caring for" under FMLA.

Paragraph 19, lines 22-27 (describing going home and entering house from back on night investigator was taping him): Relevance objection overruled; provides factual evidence relevant to basis for termination.  To the extent that this statement contradicts prior testimony, any such contradiction is not a basis for excluding evidence.

Paragraph 20, lines 1-2 (indicating he "did not do anything against the law" after he left work on the day he was taped): Relevance objection sustained.  Boecken's belief about whether he broke the law is not relevant.

Paragraph 21 (indicating that he may have done some errands

for his grandmother that were "necessary for the household" before returning home):  Objection that this evidence is contradicted by other evidence is overruled; this is not a basis for exclusion of evidence.  Relevance objection overruled; relevant to show Boecken's actions on the day of the surveillance.  To the extent that Boecken is trying to define "caring for" under FMLA, the evidence is not admissible for this purpose.

   Paragraph 22 (indicating it takes 25-45 minutes for him to drive home and this is not relaxing time for him):  Relevance objection overruled; provides context for his actions.

   Subheading E (indicating he was not reinstated to his job following FMLA leave "based on my employer's false allegation that I committed FMLA fraud"):  Objection on the ground that this contradicts other evidence is overruled; this is not a basis for exclusion of evidence.  To the extent that this heading states a legal conclusion, it is inadmissible.

   Paragraph 23 (indicating that on two scheduled days off, Plaintiff was called in by Jorian Reed to discuss his misuse of FMLA time):  Objection on the ground that this contradicts other evidence is overruled; this is not a basis for exclusion of evidence.

   Paragraph 24, lines 14-17 (describing prior testimony at deposition about a meeting with Reed, Hoffman, and Bates during which Boecken told them he did nothing wrong):  Relevance objection overruled; provides context for termination decision and may be relevant to Gallo's assertion that Plaintiff admitted committing FMLA fraud.

Paragraph 24, lines 18-20 (asserting that Lisa Bates, a Gallo HR employee was "harassing" him when he "apparently was not giving her the answer she wanted"):  Relevance objection sustained in part; this evidence is only relevant to show how Boecken was impacted by the questioning, and to describe Bates' conduct, not to read her mind.

Paragraph 24, lines 20-22 (asserting that Plaintiff went to the park to de-stress after work as is his normal practice): Objections to this evidence overruled.  Same ruling as for Subheading D.

Paragraph 25, lines 25-26 (he "told them that [he] never, at any time, believed [he] did anything wrong):  Relevance objection overruled; Boecken's subjective belief that he did nothing wrong may be relevant to the extent that Gallo asserts he admitted to committing FMLA fraud.

Paragraph 25, lines 26-27 (indicating that he never would have done anything to jeopardize his job because he planned on retiring from Gallo):  Relevance objection overruled; provides context.  Speculation objection overruled; he is expressing his state of mind relative to responsible attitude toward his employment.

Paragraph 25, 6:27-7:1 ("if they had ever told me what I was doing was wrong, I would not have continued, but no one ever did"): Objection on the ground that this contradicts other evidence is overruled; this is not a basis for exclusion of evidence.  Relevance objection overruled; goes to whether stated reason for termination was pretext for unlawful purpose. Speculation objection overruled; this is an employee's expression

9

of his state of mind toward employment.

Subheading F (indicating that after his termination he learned that Gallo based its assertion of FMLA fraud on its "unlawful assessment or perception of my sexual orientation"): The assertion that Gallo acted unlawfully is inadmissible because it is an argumentative legal conclusion.  Objection that this statement lacks foundation is overruled; this is a heading and subsequent statements may or may not provide foundation for specific statements of fact made under the heading.  Objection on the ground that this contradicts other evidence is overruled; this is not a basis for exclusion of evidence.

Paragraph 26, lines 5-9 (stating that he learned that someone, other than those involved in discussing his leave, knew of the videotape and discussed Boecken and Sweetin's meeting in the park; and that there was a rumor that he and Sweetin were bisexual):  This assertion is based on statements made by a third person to Sweetin, which Sweetin then relayed to Boecken.  The statements are inadmissible hearsay for the truth of the matter asserted, but are relevant to Boecken's belief that such events occurred (see next objection concerning Boecken's relaying this information to his union representative).

Paragraph 26, lines 10-12 (Boecken relayed the information about the tape and the rumor to his union representative after his termination but before the grievance process was completed): Gallo objects that this evidence has no bearing on whether HR employees heard or thought anything about Boecken's sexual orientation.  But, depending upon who at Gallo had access to that tape, such an inference could arise.  Objection overruled.

10

Paragraph 27, lines 14-19 (describing how Gallo informed him, through his union representative, that Gallo was considering bringing him back, but decided not to do so because his leave dates corresponded with leave granted to Sweetin):  Hearsay objection sustained in part; this evidence is not admissible to prove the truth of the matter asserted; but is admissible to show what Boecken learned from his union representative.  Gallo admits that it researched Sweetin's schedule to strengthen its case during the grievance process, but asserts that this information is not relevant to Boecken's claims.  This relevance objection is overruled; the act of comparing Boecken's schedule to Sweetin's tends to indicate that Gallo was concerned about their conduct together.

Paragraph 27, lines 19-20 (stating "I still do not understand how that could be the basis of me engaging in FMLA fraud"):  Relevance objection sustained; this argumentative phrase is not relevant to any claim or defense in this case.

Paragraph 27, lines 20-22 (stating that he heard his termination had to do with people being "concerned" that he was engaging in a homosexual relationship with Sweetin):  Objection that this lacks foundation to overcome rule against hearsay is sustained.  Boecken does not indicate from whom he heard these statements or whether he heard them directly or through a third party.

Subheading G (Gallo did not inform Boecken what his obligations and requirements were regarding the time he took off for FMLA leave and did not provide employees with information regarding what they considered FMLA fraud or misuse to be):

11

Objection on the ground that this contradicts other evidence overruled; this is not a basis for exclusion of evidence. Relevance objections overruled; it is disputed whether Gallo had a legal obligation to present such information to Boecken.

Paragraph 28, lines 26-28 (indicating that prior to applying for leave, no one from Gallo ever told him there were conditions, limitations, or prohibitions on his use of FMLA leave):  Ruling is same as above for subheading G.

Paragraph 29, lines 1-2 (stating that no one told him he needed permission to run errands for household or his grandmother):  Ruling is same as above for subheading G.

Paragraph 29, lines 2-3 (stating that "to me, such things were necessary for her care and comfort while she was having the episodic periods of worsened health"):  Relevance objection overruled; provides context.  To the extent Boecken is trying to state what constitutes "caring for" under FMLA, the evidence is inadmissible for that purpose.

Paragraph 29, lines 3-7 (indicating that he had no reason to believe he had to wait until 6 pm when his "shift was over" to run errands for his grandmother):  Ruling is same as above for subheading G.

Paragraph 30, lines 7-8 (stating that no one ever told him that he could not use FMLA leave to walk in the park for a few minutes or run necessary errands):  Ruling is same as above for subheading G.

Paragraph 31, lines 11-12 (indicating no one ever coached or disciplined him about his use of FMLA leave):  Ruling is same as above for subheading G.

Paragraph 31, lines 12-13 (indicating Gallo paid him no sick time, which he could have used, or vacation time had he chosen to use those forms of leave) and Paragraph 35 (indicating that at no time did Gallo state that his FMLA leave was revoked or that his time off would have to come out of another form of leave): Relevance objection sustained.  None of this is relevant to any claim or defense.

Paragraph 33 and Paragraph 34  (indicating that at no time did anyone at work ever tell him what he was required to do after work on FMLA leave until they were discussing disciplining him): Ruling is same as above for subheading G.

Paragraph 36 (stating that upon completion of his FMLA leave he was never reinstated):  Objection on the ground that this contradicts other evidence overruled; this is not a basis for exclusion of evidence.

III. **Defendants' Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment (Document 50)**

  A.   **Objections to affidavit of Roxanne Boecken**

Gallo objects to statements made in this affidavit on various grounds that can be treated generally.  The relevance objections are overruled; all of this evidence provides context. However, to the extent that Ms. Boecken attempts to define the meaning of the term "caring for" under FMLA, the evidence is a legal conclusion.  To the extent that Ms. Boecken attempts to opine about the seriousness of her grandmother's condition, she is not qualified to provide medical opinion testimony.  In general her statements about her grandmother's illness simply

13

provide context.  Moreover, it is disputed whether Boecken's activities (such as walking in the park or running errands) violated FMLA.  Evidence concerning these activities is relevant.

B.   <u>Objections to affidavit of James M. Schmidtke</u>

Plaintiff presents the affidavit of Mr. Schmidtke, who purports to be a human resources industry expert.  Gallo objects to this affidavit on the ground that he does not present "scientific, technical, or other specialized knowledge" that will assist the court "to understand the evidence or determine a fact in issue."  FRE 702.  Here, the legal issues are whether Boecken's conduct violated FMLA; whether Gallo provided adequate notice under FMLA; whether Gallo's stated reason for terminating Boecken was pretext for another, unlawful reason; and whether Boecken was harmed as a result of any unlawful act on Gallo's part.  Expert testimony does not appear necessary for the trier of fact to resolve the issue of whether Gallo's HR practices are lawful.  Shmidtke's opinions amount to impermissible attempts to interpret FMLA and legal conclusions.  Gallo's objection to this entire affidavit is sustained without prejudice.

C.   <u>Objections to affidavit of Corey Sweetin</u>

Objections to paragraphs 4 through 8: Objection on the ground that these statements contradict other evidence overruled; this is not a basis for exclusion of evidence.  Objections on relevance grounds are overruled; Sweetin is responding to statements of fact made by Gallo witnesses.

Paragraph 9 (stating he recalled "a female employee at Gallo

14

approaching [him] some time after October 29, 2003, who strangely questioned [him] about [his] sexuality and said there was a surveillance tape of [him] and Larry Boecken walking in the park." Sweetin Aff., Doc. 43-9, at ¶9): Gallo objects that this statement stands in complete contrast to his prior deposition testimony, *see objections*, Doc. 50 at 12-13. Gallo argues that the affidavit should be disregarded as a "sham" created only to avoid summary judgment. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 267 (9th Cir. 1991). Sweetin previously testified at his deposition that he never heard any rumors about his or Boecken's sexual orientation and that he did not know of the existence of the tape until it was shown to him by Boecken's counsel. His "revised" recollection in his affidavit is in direct conflict with his prior testimony. Sweetin offers no explanation for the discrepancy. This statement is therefore inadmissible as a "sham." *See id*. at 266-67.

Paragraph 10 (discussing lack of notice of FMLA policies): Relevance objection overruled; goes to general notice given to employees. Objection on the ground that this contradicts other evidence overruled; this is not a basis for exclusion of evidence.

Paragraph 11 (indicating that he understood, based on what Boecken told him, that he was using FMLA to get off work early to provide care for his grandmother): Hearsay objection sustained to the extent that this evidence is offered for the truth of the matters asserted therein.

Paragraph 12 (indicating that Boecken was supposedly terminated under the provisions of their collective bargaining

15

agreement (CBE); that he [Sweetin] is familiar with the CBE; and that he is not aware of any facts demonstrating Boecken was terminated under the CBE's provisions):  Relevance objection sustained; Sweetin's understanding of the CBE is not relevant.

Paragraph 12 (indicating that "in light of the fact that...Boecken was terminated for supposedly misusing the FMLA, the termination seems extremely harsh and wrong, and contrary to the provisions of the [CBE]"):  Relevance objection sustained. Improper opinion.

D.   <u>Objections to affidavit of Mark Reyna</u>

Gallo's objections to this affidavit are discussed in the accompanying memorandum decision.

E.   <u>Objections to second affidavit of Larry Boecken</u>

Boecken's second affidavit repeats paragraphs 1-36 of his original affidavit. Gallo repeats verbatim its objections thereto.  The district court's rulings on those objections are stated above and incorporated by this reference.  Gallo further objects to statements made in paragraphs 37-43.

Paragraph 38 (stating that his FMLA leave during the period at issue only involved leaving work 4 hours early; he normally worked 12 hour shifts, but instead worked 8 hour shifts and was not paid for these missed hours):  Gallo's objection that these statements imply conclusions that are contradicted elsewhere in the record is overruled; this is not a basis for exclusion of evidence.

Paragraph 39 (stating that he never played golf; owned golf

16

clubs; or told anyone he was meeting Sweetin to play golf):  This statement is intended to contradict a statement made by Jorian Reed who indicated that his "initial thought was that [Boecken and Sweetin] might be planning to leave early to play golf. Gallo objects that this statement is not relevant because it says nothing about Reed's knowledge.  However, it does tend to undermine the reasonableness of Reed's conclusions.  The relevance objection is overruled.

Paragraph 40 (stating that Gallo had approximately 700-1000 employees at the time he worked there):  Gallo objects that Boecken had no personal knowledge of how many people worked there, but nevertheless admits that they employed 800 employees at the time.  Gallo's personal knowledge objection is overruled; Boecken worked at Gallo and could have gained personal knowledge of how many people worked alongside him.

Paragraph 41 (stating that no one in HR at Gallo advised him or warned him that FMLA leave was limited to the time certified by the physician for the care of a family member and only for the purpose of caring for that person under the circumstances certified by the physician):  Objection on the ground that this contradicts other evidence overruled; this is not a basis for exclusion of evidence.  Relevance objection overruled; it is disputed whether Gallo gave him sufficient notice under FMLA.

Paragraph 42 (stating that no one in HR at Gallo told him that his routine of taking a walk or running errands was a misuse or violation of FMLA):  Objection on the ground that this contradicts other evidence overruled; this is not a basis for exclusion of evidence.  Relevance objection overruled; it is

17

disputed whether Gallo gave him sufficient notice under FMLA.

Paragraph 43 (stating that during the time he was under surveillance (from 4-6pm), he was providing direct and indirect care to his grandmother):  Relevance objection overruled; goes to his activities on the dates in question, the appropriateness/lawfulness of which are disputed.  To the extent that Boecken is trying to define the term "caring for" under FMLA, this evidence is not admissible for that purpose.

SO ORDERED
DATED:  September 30, 2008

                              /s/ Oliver W. Wanger
                              Oliver W. Wanger
                              United States District Judge