1   NANCY L. ABELL (SB# 088785)
    nancyabell@paulhastings.com
2   PAUL HASTINGS LLP
    515 South Flower Street, Twenty-Fifth Floor
3   Los Angeles, CA  90071-2228
    Telephone:   (213) 683-6000
4   Facsimile:    (213) 627-0705

5

6   Attorneys for Defendant
    GALLO GLASS COMPANY
7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  LARRY BOECKEN, JR.,                 CASE NO. 1:05-CV-00090 LJO BAM

12              Plaintiff,              **STIPULATION AND [PROPOSED] ORDER TO
                                        VACATE FEBRUARY 29, 2012 PRE-TRIAL
13       v.                             CONFERENCE AND ALL CASE DEADLINES
                                        PENDING ACTION BY THE BANKRUPTCY
14  GALLO GLASS COMPANY, and            TRUSTEE**
    DOES 1 THROUGH 50,
15  INCLUSIVE,

16              Defendant.              Judge:       Hon. Lawrence J. O'Neill

17

18

19

20

21

22

23

24

25

26

27

28

## BACKGROUND

1.      This action was filed in 2004.

2.      On August 21, 2008, Plaintiff Larry Boecken, Jr., filed a Voluntary Petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California, Case No. 08-15050-B-7.  He did not list this lawsuit as an asset on the schedules he filed with the Bankruptcy Court.  On or about December 30, 2008, the United States Bankruptcy Court granted Plaintiff a discharge under section 727 of title 11, United States Code.  On May 5, 2011, new counsel for Defendant Gallo Glass Company, Nancy L. Abell, apprised Plaintiff's counsel of these facts, promptly following her discovery of them at the time she was retained as counsel.  Plaintiff's counsel advises the Court that it was unaware of Plaintiff's bankruptcy proceeding until Ms. Abell brought it to counsel's attention.

3.      On May 5, 2011, counsel for Defendant Gallo Glass Company, Nancy L. Abell, also apprised Plaintiff's counsel that Defendant would seek leave of this Court to file a motion for summary judgment.  Defendant submits that (i) Plaintiff's claims are the property of the bankruptcy estate; (ii) Plaintiff has no standing to pursue them in this Court for any purpose, including settlement; and (iii) Plaintiff is judicially estopped from litigating this lawsuit.  Plaintiff's counsel asked that Plaintiff first be given an opportunity to consult bankruptcy counsel.

4.      On May 25, 2011, Plaintiff filed an application to reopen his Chapter 7 bankruptcy case, along with amended schedules listing this lawsuit as an asset omitted from his original filing.

5.      On May 27, 2011, the United States Bankruptcy Court for the Eastern District of California reopened Plaintiff's Chapter 7 bankruptcy case, No. 08-15050-B-7, and ordered that the amended schedules be served on the U.S. Trustee within 30 days along with a declaration from Plaintiff Boecken explaining why the asset was omitted from the original schedules.  The order further provides that the U.S. Trustee thereafter may have 30 days to appoint a Chapter 7 trustee if necessary to investigate and administer the omitted asset, namely this lawsuit.

1          6.      On June 28, 2011, the U.S. Trustee appointed James Salven as the trustee.

2    Mr. Salven has not yet made a determination regarding whether the bankruptcy estate will appoint

3    counsel for the estate to prosecute this case or whether Mr. Boecken's counsel, Mina L. Ramirez

4    and Noah W. Kanter of the Law Offices of Mina L. Ramirez will prosecute this case on behalf of

5    the bankruptcy estate.

6          7.      Counsel of record in this case cannot proceed with motions or pre-trial

7    pleadings until the Trustee acts because the case is now the property of the bankruptcy estate and

8    the identity of counsel to try the case is unknown.

9          8.      Once the Trustee acts, Defendant will seek leave of this Court for an order

10   to permit it to file a motion for summary judgment against Plaintiff as to his remaining claim,

11   *inter alia*, on the ground that he is judicially estopped from litigating it because he failed to list

12   this lawsuit as an asset on the schedules he filed with the Bankruptcy Court, failed to inform

13   Defendant that he had filed for bankruptcy, and failed to inform Defendant that on or about

14   December 30, 2008, the United States Bankruptcy Court granted Plaintiff a discharge under

15   section 727 of title 11, United States Code, all to Defendant's detriment.

16

17   **STIPULATION**

18

19         Therefore, the parties jointly request that this Court (i) vacate the February 29,

20   2012 pre-trial conference, (ii) vacate all deadlines in the case, including the trial date, and (iii)

21   order the parties to promptly inform the Court when the Trustee has appointed counsel to

22   represent the bankruptcy estate so that the appropriate participants can be served with notice of

23   motions and required to participate in the previously-ordered settlement conference in this case.

24   Dated:  January 30, 2012                 LAW OFFICES OF MINA L. RAMIREZ

25

26                                     By:  __/s/  Mina L. Ramirez_____

27                                       Mina L. Ramirez
                                    Counsel for Plaintiff

28                                       Larry Boecken, Jr.

1    Dated:  January 30, 2012                    PAUL HASTINGS LLP

2

3                                    By:  __/s/_Nancy L. Abell_____

4                                         Nancy L. Abell
                                          Counsel for Defendant
5                                         Gallo Glass Company

6

7                                         **ORDER**

8

9          This Court ENTERS this Order based on the parties' above stipulation

10   and FURTHER ORDERS the parties, no later than February 17, 2012, to file a

11   status report and further status reports every 45 days thereafter.

12

13

14

15

16

17

18

19

20

21   IT IS SO ORDERED.

22      Dated:   **January 31, 2012**              **/s/ Lawrence J. O'Neill**

23                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28