# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOECKEN, JR., <br><br>          Plaintiff, <br><br>     v. <br><br> GALLO GLASS COMPANY, <br><br>          Defendants. | 1:05-cv-00090 LJO BAM <br><br> **ORDER DISCHARGING ORDER TO SHOW CAUSE; REQUIRING PLAINTIFF'S COUNSEL TO FILE A MOTION TO WITHDRAW AS COUNSEL; AND GRANTING DEFENDANT LEAVE TO FILE A MOTION FOR LEAVE TO PERMIT GALLO GLASS COPMANY TO FILE A MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S REMAINING CLAIM** |

    One claim remains to be adjudicated in this case following remand from the Ninth Circuit: whether Defendant violated Plaintiff's Family and Medical Leave Act ("FMLA") notice rights. On May 27, 2011, the United States Bankruptcy Court for the Eastern District of California reopened Plaintiff's Chapter 7 bankruptcy case and ordered Plaintiff to serve amended schedules on the U.S. Trustee, disclosing the remaining claim as an asset. Plaintiff was also ordered to file a declaration explaining why the asset was omitted from his original schedules. Mr. Gary Ferrar was appointed Trustee; Mr. Ferrar's counsel is James E. Salven, Esq.

    A January 31, 2012 Order required the parties, no later than February 17, 2012, to file a status report. Doc. 104. The parties failed to timely do so. On February 12, 2012, the Court ordered the parties, no later than February 27, 2012, to show cause in writing why sanctions, including dismissal of this action with or without prejudice and monetary sanctions against counsel and/or the parties, should

not be imposed for failure to comply with the January 31, 2012 Order.  Doc. 106.

On February 27, 2012, counsel of record for Plaintiff, Lawrence D. Murray and Mina Ramierz ("Murray and Ramirez"), filed a status report indicating that they have been in communication with the bankruptcy Trustee about Plaintiff's representation in this action. Doc. 110.  Murray and Ramirez advised the Trustee that they would be withdrawing from the case. *Id*.  Murray and Ramirez represent that they believed the Trustee and/or his attorney would make an appearance in this case and file the status report.  *Id*.  This did not happen.  Plaintiff now requests that the order to show cause be discharged due to a miscommunication between current counsel and the Trustee.  *Id*.

Notably, Murray and Ramirez never filed a motion to withdraw, so remain counsel of record. They should have monitored the case and ensured that a status report was filed.  Nevertheless, in light of the apparent miscommunication, the order to show cause is DISCHARGED.

Murray and Ramirez are ORDERED to file a motion to withdraw on or before March 12, 2012. *See* Doc. 108.

In addition, Defendant requests leave to file and serve on the Bankruptcy Trustee a motion for leave to file a motion for summary judgment on Plaintiff's remaining claim.  This request is GRANTED.  Any such motion shall be filed and served on the Bankruptcy Trustee on or before March 26, 2012.

IT IS SO ORDERED.

Dated:   **February 28, 2012**             /s/ Lawrence J. O'Neill
                                                             UNITED STATES DISTRICT JUDGE