# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOECKEN JR. | Case No. 1: 05-cv-00090-LJO-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD |
| GALLO GLASS COMPANY, | (Doc. 112) |
| Defendant. | |

## **INTRODUCTION**

Pending before the Court is the Motion by attorneys Mina L. Ramirez and Lawrence D. Murray to withdraw as counsel of record for plaintiff Larry Boecken, Jr.  Gallo Glass Company filed a statement of non-opposition to the Motion.  The Motion was heard on April 13, 2012 at 9:00 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Mina Ramirez and Lawrence Murray appeared telephonically.  Counsel Nancy Abell appeared telephonically on behalf of Gallo Glass Company.  No other appearances were made.  Having considered the moving papers, arguments presented at the hearing, as well as the Court's file, the motion is GRANTED.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from claims brought by Larry Boecken Jr. against his former employer, Gallo. Boecken originally alleged three causes of action ("Claims"): (1) Violation of the Family Medical Leave Act [29 U.S.C. §§ 2601 et. seq.] ("FMLA") and California's Moore-Brown-Roberti Family Rights Act ("CFRA") [California Government Code (Gov. Code) §§ 12945.2.; (2) discrimination based on perceived sexual orientation (homosexual/bisexual) Gov. Code §§ 12926, 12940 et seq. Fair Employment and Housing Act ("FEHA"); and (3) termination in violation of public policy.

Following cross-motions for summary judgment, the only remaining causes of action are whether Defendant violated Plaintiff's FMLA notice rights under 29 C.F.R. §825.301(b)(I) and thus violated 29 C.F.R. §825.301(t).

Plaintiff filed for bankruptcy protection and on May 27, 2011, the United States Bankruptcy Court for the Eastern District of California reopened Plaintiff's Chapter 7 bankruptcy case, No. 08-15050-B-7. The U.S. Trustee, Mr. Gary Ferrar, has not retained Counsel Ramirez and Murray. Counsel submit evidence that they will not be retained by the U.S. Trustee. It is undisputed that the claims in this case are the property of the bankruptcy estate.

**DISCUSSION**

Local Rule 182(d) provides:

> Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other persons who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 180(d).

Rule 3-700(A)(2) of the California Rules of Professional Conduct provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to

1  the client, allowing time for employment of other counsel, complying with rule 3-700(D),[1] and
2  complying with applicable laws and rules."
3      The evidence establishes that plaintiff Larry Boecken's claims are the property of the U.S.
4  Trustee, and that plaintiff is not the proper party in interest. The evidence establishes that counsel
5  attempted to be retained by the U.S. Trustee, but that the U.S. Trustee will not retain current
6  counsel to represent the Trustee's interest in this action.  Accordingly, as plaintiff is no longer the
7  proper party in interest, permission for counsel to withdraw is warranted.

## CONCLUSION

9      For the foregoing reasons, the Court orders as follows:
10  1.     The Motion to Withdraw by Mina Ramirez and Lawrence D. Murray, and
11         counsel's respective law firms, is GRANTED.
12  2.     The Clerk is directed to serve a copy of this Order on U.S. Trustee is Gary Ferrar,
13         Office of The United States Trustee, at 2500 Tulare Street, Suite 1401, Fresno,
14         California 93721 and Mr. Ferrar's attorney at James E. Salven, P. O. Box 25970,
15         Fresno, California 93729-5970.
16  IT IS SO ORDERED.
17  Dated:   April 13, 2012                  /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Section 3-700(D) pertains to returning property and funds to clients.